# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| Althea Williams, et al | Civil Action No. 03-1874 |
| versus | Judge Tucker L. Melançon |
| City of Jeanerette, et al | Magistrate Judge Methvin |

## MEMORANDUM RULING AND JUDGMENT

Before the Court is a motion for summary judgment filed by defendant, Surety Management Inc. ("Surety") against plaintiffs Alethea S. Williams and Reverend Edward Williams, Individually, and on behalf his minor children, L'I'Tec'cia C.J. Williams and Ok'Suryia A.R. Williams. [Rec. Doc. 80].

This action arises from an incident in which plaintiffs' civil rights were allegedly violated during the attempted apprehension of a fugitive, Quincy Sereal, by defendant Cecil Melancon, a bounty hunter. Prior to the incident, Surety had obligated itself on a commercial surety bond issued for Sereal. Plaintiffs contend that Melancon was in the course and scope of his employment with Surety when he allegedly entered plaintiffs' home and "accosted, assaulted and battered" them.

In its motion for summary judgment, Surety moves the Court to dismiss plaintiffs' claims against it. Surety asserts that Melancon was not its employee, but rather was retained by Surety as an independent contractor working as United States

Fugitive Enforcement L.L.C., and therefore, Surety has no vicarious liability for Melancon's actions in this matter. Surety relies on the August 6, 2004 deposition of Cecil Melancon in support of its motion. In particular, Surety cites Melancon's responses that he worked for United States Fugitive Enforcement, L.L.C. in a "self-contracted" context, working for commission on the business they got from Surety as evidence that Melancon was an independent contractor and therefore was not employed by Surety. Memo. of Surety. Surety also submits the affidavit of its general manager, William Brian Babineaux, in support of its position that Melancon was an independent contractor. Babineaux states that Surety contracted with Melancon through United States Fugitive Enforcement L.L.C. as licensed "Bounty Hunters" to capture Sereal based on "a standard payment agreement" of 10 percent of the face value of the bond plus expenses. Babineaux further states that Surety "never instructed [Melancon] as to how to capture a defendant, they were never provided equipment, transportation or any materials to complete the capture of a wanted defendant," but were able to "utilize whatever strategy they choose to capture the wanted subject," and if successful were paid. Aff. of Babineaux.

Plaintiffs assert that the following representations in Melancon's affidavit support their position that he was in fact an employee of Surety: 1) There was no contract between United States Fugitive Recovery, LLC and Surety; 2) United States Fugitive Recovery, LLC performed services for no entities other than Surety; 3)

United States Fugitive Recovery, LLC searched only for fugitives from bonds written by Surety and the searches were performed at the direction of Surety; 4) United States Fugitive Recovery, LLC could not refuse any job or duty given to them by Surety.

An employer generally has no duty to ensure that an independent contractor performs its obligations in a safe manner. *Ellison v. Conoco*, Inc., 950 F.2d 1196, 1207 (5th Cir. 1992). An employer may be liable, however, where it retains control over the operative details of the independent contractor's work or where it expressly or impliedly authorized the performance of the work in a particular manner which rendered the work unsafe. *Id.*

The issue before the Court is whether or not Surety has liability for Melancon as its employer or because it retained control over Melancon's work as a bounty hunter. The parties have each submitted different versions of the relevant facts. A case in such a posture is not properly disposed of by summary judgment. A motion for summary judgment can only be granted if the pleadings, depositions, and affidavits submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Before a court can find that there are no genuine issues of material facts it must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Ladue v.*

*Chevron, U.S.A., Inc.*, 920 F.2d 272 (5th Cir. 1991). Accordingly,

IT IS ORDERED that the motion for summary judgment filed by Surety Management Inc. [Rec. Doc. 80], is DENIED.

Thus done and signed this 21st day of November, 2005 at Lafayette, Louisiana.

_____
Tucker L. Melançon
UNITED STATES DISTRICT JUDGE