RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 5/23/06

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| Althea Williams, et al | Civil Action No. 03-1874 |
| versus | Judge Tucker L. Melançon |
| City of Jeanerette, et al | Magistrate Judge Methvin |

## MEMORANDUM RULING AND JUDGMENT

Before the Court is a motion for summary judgment filed by defendant Surety Management Inc. ("Surety") against plaintiffs Alethea S. Williams and Reverend Edward Williams, Individually, and on behalf his minor children, L'I'Tec'cia C.J. Williams and Ok'Suryia A.R. Williams. [Rec. Doc. 104].[1] For the reasons that follow, defendant's motion will be denied.

This action arises from an incident in which plaintiffs' civil rights were allegedly violated during the attempted apprehension of a fugitive, Quincy Sereal, by bounty hunter, defendant Cecil Melancon on or about October 8, 2002 and November 17, 2002.[2] Plaintiffs contend that Melancon was in the course and scope of his employment with Surety when he allegedly entered plaintiffs' home and "accosted, assaulted and battered" them.

---

[1] The Court converted Surety's motion to dismiss to a motion for summary judgment on March 15, 2006 and gave nonmovants ten days to file any supplemental response to the motion. [Rec. Doc. 107].

[2] Surety asserts that at the time of the alleged incident, Cecil Melancon was in the company of two other bounty hunters, Eric Melancon and Shawn Hebert. Plaintiffs named only Cecil Melancon as a defendant.

Surety moves the Court to dismiss plaintiffs' claims against it. Surety submits the affidavit and deposition testimony of Shawn Hebert to show that he, Eric Melancon, and Cecil Melancon were retained by Mr. Cass Andrus, bail bondsman, of ABC Bonding, Inc., rather than Surety to retrieve the fugitive Sereal. Hebert's deposition testimony is that Cass Andrus contacted him to retrieve Sereal, and Hebert agreed to take the job [Surety's Supplemental Memorandum, Rec. Doc. 109, Deposition of Shawn Hebert, p. 7]. Hebert further testifies regarding his attempts to apprehend Sereal [Id. at 8-17] and his ultimate success through Sereal's probation officer [Id. at 16]. Hebert's testimony is that Cass Andrus paid him for the job in cash [Id. at 17].

Hebert also states that ABC Bonding, rather than Surety, provided the arrest warrant for Mr. Sereal and the original surety bond. [Surety's Motion to Dismiss, Rec. Doc. 104 at Affidavit of Shawn Hebert]. Thus, Surety argues, as it never maintained a contractual relationship involving Sereal's bond forfeiture and ABC Bonding Inc.'s employment of the bounty hunters, it should be dismissed from this action. Surety also argues that, because it had the authority to take funds from Andrus's "build-up" account in the event of forfeiture, then Andrus was the only person suffering a loss in the event Sereal was not timely captured. [Surety's Supplemental Memorandum, Rec. Doc. 109 at p. 1, Andrus deposition at pps. 24-25, 21 and 22]. Thus, Surety concludes that it had no reason to hire a bounty hunter since it was not at a risk for loss.

Plaintiffs argue that defendant Cecil Melancon was on a mission of Surety Management when he entered the plaintiffs' home. Plaintiffs rely on a Bail Bond Application and Agreement which was executed by Quincy Sereal and written by Surety. [Plaintiffs' Memorandum, Rec. Doc. 106 at 1-2, Exhbit 1]. Plaintiffs further argue that Surety has produced no evidence to suggest that Cass Andrus or ABC Bonding, Inc. rather than Surety wrote the bond. [Id.]. Plaintiffs also rely on the affidavit of Cecil Melancon which states that he was a member of United States Fugitive Recovery, LLC which worked only for Surety. [Id., Original Affidavit of Cecil Melancon filed in support of Plaintiffs' Memorandum in Opposition to Defendant's Motion for Summary Judgment at Rec. Doc. 88].[3]

Plaintiffs submit the deposition testimony of Cass Andrus that Surety furnishes the bonds that he writes [Plaintiffs' Reply Memorandum, Rec. Doc. 108 at Exhibit A, pps. 10 and 26]. Plaintiffs' dispute Shawn Hebert's testimony with Andrus's testimony that he did not hire Cecil Melancon or Fugitive Recovery, LLC to seek out and find Quincy Sereal [Id. Exhibit A, pps. 17-18 and 25]. Plaintiffs conclude that the facts suggest that Surety issued the bond on Quincy Sereal and employed Cecil Melancon to hunt him and return him to jail. Thus, plaintiffs request that Surety's motion be denied.

---

[3]The referenced affidavit indicates that "at the time of these incidents at the Williams' home, United States Fugitive Recovery, LLC searched only for the fugitives who skipped out on bonds written by Surety Management, LLC." The affidavit also states, "[o]n October 8, 2002 and November 17, 2002, Cecil Melancon and United States Fugitive Recovery, LLC did not perform any services for any other entity besides Surety Management, LLC." A review of the affidavit shows that it does not expressly address the events leading up to and including the capture of Quincy Sereal.

The parties have each submitted different versions of the relevant facts. A case in such a posture is not properly disposed of by summary judgment. A motion for summary judgment can only be granted if the pleadings, depositions, and affidavits submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Before a court can find that there are no genuine issues of material facts it must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Ladue v. Chevron, U.S.A., Inc.*, 920 F.2d 272 (5th Cir. 1991). When the facts are disputed, the court does not determine the credibility of the evidence and draws all justifiable inferences in favor of the nonmovant. *Bledsoe v. City of Horn Lake, MS*, No. 04-60983, —F.3d.—, 2006 WL 1266283 at *2 (5th Cir. May 10, 2006). Accordingly,

IT IS ORDERED that the motion for summary judgment filed by Surety Management, Inc. [Rec. Doc. 104] is DENIED.

THUS DONE AND SIGNED in Lafayette, Louisiana, on this 23rd day of May, 2006.

Tucker L. Melançon
United States District Judge